**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALFONSO VELASQUEZ, ANTONIO CANO, and NOE EULOGIO, *individually and on behalf of others similarly situated*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>BURRITO BOX INC. (d/b/a BURRITO BOX), FRANCISCO ESCOBAR and MAGDALENA ESCOBAR,<br><br>*Defendants.* | 15-cv-4376 (AKH)<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs ALFONSO VELASQUEZ, ANTONIO CANO, and NOE EULOGIO ("Plaintiffs") on the one hand and BURRITO BOX INC. (d/b/a BURRITO BOX), FRANCISCO ESCOBAR and MAGDALENA ESCOBAR (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

  WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

  WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:15-cv-4376 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the sum of Thirty Two Thousand Five Hundred Dollars (**$32,500.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys

in thirteen (13) installments, as follows:

(a) Installment One: A payment in the amount of Seven Thousand Dollars ($7,000.00), made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel ten (10) days following approval of the court.

(b) Installment Two: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before thirty (30) days following payment of Installment One.

(c) Installment Three: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before sixty (60) days following payment of Installment One.

(d) Installment Four: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before ninety (90) days following payment of Installment One.

(e) Installment Five: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One,, and payable on or before one hundred twenty (120) days following payment of Installment One.

(f) Installment Six: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before one hundred fifty (150) days following payment of Installment One.

(g) Installment Seven: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before one hundred eighty (180) days following payment of Installment One.

(h) Installment Eight: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before two hundred ten (210) days following payment of Installment One.

(i) Installment Nine: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before two hundred forty (240) days following payment of Installment One.

(j)  Installment Ten: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before two hundred seventy (270) days following payment of Installment One.

(k)  Installment Eleven: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before three hundred (300) days following payment of Installment One.

(l)  Installment Twelve: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before three hundred thirty (330) days following payment of Installment One.

(m)  Installment Thirteen: A payment in the amount of Two Thousand One Hundred Twenty Five Dollars ($2,125.00), by post-dated check made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs" delivered to Plaintiffs' counsel with Installment One, and payable on or before three hundred sixty (360) days payment of Installment One.

2(a).  Plaintiffs shall submit all documents necessary to obtain dismissal of this action with prejudice as against the Settling Defendants; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Settling Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below

2(b).  At the time of the execution of the Settlement Agreement, the Settling Defendants shall sign Affidavits of Confession of Judgment, the forms of which are appended hereto as **Exhibit A**.  The Settling Defendants shall deliver the executed Affidavits of Confession of Judgment to Plaintiffs' attorneys.  Plaintiffs' attorneys shall hold the Affidavits of Confession of Judgment in escrow.  In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 1 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for the Settling Defendants by overnight registered mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with any bank penalties incurred by Plaintiffs and the costs of providing Settling Defendants notice by registered mail.  Upon Settling Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit A.  Upon full satisfaction by the Defendants of the terms of this Settlement Agreement, Defendants' attorney may demand that Plaintiffs' attorney return the Affidavits of Confession of Judgment to Defendants' attorney, and Plaintiffs' attorney shall return the Affidavits of Confession of Judgment upon such demand

2(c).  Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest,

attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

      3.    <u>Release and Covenant Not To Sue</u>: In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement including but not limited to the release by Defendants, Plaintiffs, for themselves and their heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the Fair Labor Standards Act, New York Labor Law, New York Code Rules and Regulations, arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

    4.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    5.    <u>Dismissal of the Litigation</u>: Plaintiffs shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1(a), a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action.  In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

    6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

    7.    <u>Acknowledgment:</u> Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or

promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

  8. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Michael K. Chong, Esq.
MKC Law Group LLC
2 Executive Drive, Suite 720,
Fort Lee, New Jersey 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676
Email: mkchong@mkclawgroup.com

  9. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

  10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

  11. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiffs

confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>No Reemployment By Plaintiffs:</u> Plaintiffs are no longer employed by Defendants as of the Effective Date. Plaintiffs agree that they will not apply for employment at any time with Burrito Box Inc. in the future.

13. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

## **PLAINTIFFS:**

Dated: _____        _____
                                    ALFONSO VELASQUEZ

STATE OF NEW YORK     )
                      )SS.:
COUNTY OF             )

On _____ _____, 2018 before me personally came to me ALFONSO VELASQUEZ, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                    _____
                                    Notary Public

Dated: _____                    _____
                                                        ANTONIO CANO

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On _____, 2018 before me personally came to me ANTONIO CANO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                                        _____
                                                        Notary Public


Dated: _____                    _____
                                                        NOE EULOGIO

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On _____ \_\_\_\_\_, 2018 before me personally came to me NOE EULOGIO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

                                                        _____
                                                        Notary Public

**DEFENDANTS**:

Dated: _____  _____
                                                                        FRANCISCO ESCOBAR, individually and as
                                                                        Owner and President of BURRITO BOX INC.

STATE OF NEW YORK      )
                                                  )SS.:
COUNTY OF                      )

On _____ \_\_\_\_\_, 2018 before me personally came to me FRANCISCO ESCOBAR, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public


Dated: _____  _____
                                                                        MAGDALENA ESCOBAR

STATE OF NEW YORK      )
                                                  ) ss:
COUNTY OF _____      )

On the \_\_\_ day of _____, 2018, before me personally came FRANCISCO ESCOBAR, as the authorized officer of BURRITO BOX INC., to me known who, being by me duly sworn, did depose that he is the authorized officer of BURRITO BOX INC. and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

**EXHIBIT A**

1231196.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO VELASQUEZ, ANTONIO CANO, and NOE EULOGIO, *individually and on behalf of others similarly situated*,<br><br>                              *Plaintiffs*,<br><br>         -against-<br><br>BURRITO BOX INC. (d/b/a BURRITO BOX), FRANCISCO ESCOBAR and MAGDALENA ESCOBAR,<br><br>                              *Defendants*. | 15-cv-4376 (AKH)<br><br><br>**STIPULATION OF**<br>**DISCONTINUANCE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees. The Court shall continue to exercise jurisdiction over the enforcement of the settlement agreement.

Date:   New York, New York
              _____, 2018

Michael K. Chong
MKC Law Group LLC
2 Executive Drive, Suite 720
Fort Lee, NJ, 07024
(201) 947-5200
Fax: (201) 708-6676
Email: mkchong@mkclawgroup.com
*Attorney for Defendants*

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd. St. Suite 4510
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiffs*

2

**EXHIBIT B**

Case 1:15-cv-04376-AKH   Document 43-1   Filed 03/09/18   Page 11 of 13

**EXHIBIT B**

**NEW YORK STATE SUPREME COURT COUNTY**
---------------------------------------------------------------X
ALFONSO VELASQUEZ, ANTONIO CANO, and
NOE EULOGIO, *individually and on behalf of others similarly situated,*

                      *Plaintiffs*,

    -against-

BURRITO BOX INC. (d/b/a BURRITO BOX),
FRANCISCO ESCOBAR and MAGDALENA
ESCOBAR,

                      *Defendants.*
---------------------------------------------------------------X

<u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF NEW YORK  )

    FRANCISCO ESCOBAR being duly sworn, deposes and says:

1.    I, FRANCISCO ESCOBAR, am the Chairman or Chief Executive Officer of BURRITO BOX INC. with the principal place of business located at _____.

2.    I reside at _____.

3.    I have authority to sign on behalf of BURRITO BOX INC. and I am duly authorized to make this affidavit on the undersigned entity's behalf.

4.    Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure, then, upon submission of Plaintiffs' counsel's attorney affirmation attesting to such default under oath on behalf of BURRITO BOX INC. I hereby confess judgment and authorize entry of judgment against BURRITO BOX INC. in

4

favor of Plaintiffs for the sum of one and one-quarter times the remaining principal pursuant to the terms of the Settlement Agreement and Release, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of BURRITO BOX INC. and FRANCISCO ESCOBAR, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____
FRANCISCO ESCOBAR, individually and as officer of BURRITO BOX INC.

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On _____ \_\_\_\_\_, 2018 before me personally came to me FRANCISCO ESCOBAR, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public